**IREDELL, Collector of Internal Revenue, v. DE LASKI & THROPP CIRCULAR WOVEN TIRE CO.**

(Circuit Court of Appeals, Third Circuit.   July 5, 1923.)

No. 2921.

1. **Internal revenue ☞7—Corporation held subject to excess profits tax as "corporation having only nominal capital."**

  A corporation whose sole business was the granting of licenses under its patents and collecting the income therefrom, having a capital of $10,000, constituting a fund from which to provide its office and furniture and equipment, advance salaries and wages, etc., *held* subject to excess profits tax, under Act Oct. 3, 1917, § 209 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜j) as a "corporation having only a nominal capital," and not under section 201 (section 6336⅜b).

2. **Internal revenue ☞7—Commissioner without authority to construct theoretical capital for corporation.**

  Where a corporation has no capital invested in business and only a nominal capital, the Commissioner of Internal Revenue is without authority, because its earnings are large, to construct a theoretical capital on which to subject it to excess profits tax, under Act Oct. 3, 1917, § 201 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b).

In Error to the District Court of the United States for the District of New Jersey; Bodine, Judge.

Action at law by the De Laski & Thropp Circular Woven Tire Company against Samuel Iredell, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter H. Bacon, Jr., Asst. U. S. Atty., of Bridgeton, N. J. (P. C. Alexander, H. M. Darling, and Nelson T. Hartson, all of Washington, D. C., of counsel), for plaintiff in error.

Owen J. Roberts, of Philadelphia, Pa., Hutchinson & Hutchinson, of Trenton, N. J., and Roberts & Montgomery, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1]. In the court below, the plaintiff brought suit and recovered a judgment against Samuel Iredell, collector, for taxes paid under protest, whereupon the collector sued out this writ of error. His contention is that the taxes in question were assessable under section 201 of the Revenue Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b), while that of the plaintiff is that they were assessable under section 209 (section 6336⅜j). The court below sustained this latter contention and we agree with its view. That court, in an opinion reported at 268 Fed. 377, had therefore considered these two sections on a motion to dismiss the case and refused the same.

Trial by jury was subsequently waived and the case was tried by the judge, who found the facts as printed in the margin,[1] a consideration of which, together with the opinion referred to, renders needless present restatement. As we have said, we are of opinion the facts of this case clearly bring the plaintiff company under the provisions of section 209. It was, as provided by the section, engaged in a trade or business having a nominal capital. It was not a producer or manufacturer, but its entire business was simply to collect and distribute the rental or royalty charged for use of its patents, and as it may, in accordance with said section, be assessed with "a tax equivalent to eight per centum of the net income of such trade or business," it follows by the terms of the section this shall be "in lieu of the tax imposed by section two hundred and one."

[2] The court below having found as a fact—a finding in which we concur—that the trade or business of the plaintiff had no invested capital, and such being the plain wording of the statute, it follows that an attempt by departmental construction to theoretically swell that nominal capital into a large amount, simply because its business on its nominal capital proved highly remunerative, is at variance with the

[1] "4. In the year 1911 the stockholders of the plaintiff formally decided not to engage in the business of manufacturing tires, and determined that no further effort would be made to conduct any business other than that of granting licenses under its patents, and on July 19, 1911, the authorized capital stock of the company was reduced from $100,000 to $10,000, and the purpose clauses of its charter were appropriately amended. The plaintiff has never manufactured molds or tires, or anything else, and has no facilities to conduct a manufacturing business.

"5. Between 1911 and December 31, 1916, several patents relating to tire-manufacturing apparatus were granted to the officers of the plaintiff, who in turn assigned them to the plaintiff for the consideration of $1 each.

"6. During the year 1917 the plaintiff's net income amounted to $105,650.29, all of which was received under license agreements to use its patented apparatus, which have been the only source of income to plaintiff since its incorporation.

\* \* \* \* \* \* \* \*, \* \*

"8. During the year 1917 plaintiff's capital and surplus were $10,000 and $2,000, respectively, or a total invested capital of $12,000, which nominal capital was purely incidental to the conduct of the plaintiff's business, and was used entirely as a fund from which to advance salaries, wages, etc., and to provide office furniture, accommodations, and equipment.

\* \* \* \* \* \* \* \* \*

"10. In compliance with the provisions of the act of Congress entitled 'An act to provide revenue to defray war expenses and other purposes,' approved October 3, 1917, plaintiff made due returns to the defendant of its annual net income for the twelve (12) months ended December 31, 1917, and paid the income and excess profits taxes due thereunder, in accordance with the provisions of section 209 of the said act, whereby the excess profits tax was levied and assessed upon corporations employing no invested capital or not more than a nominal capital. The plaintiff's contention in this respect was disallowed by the Commissioner of Internal Revenue, and after various letters had been exchanged, and a hearing had in Washington, the plaintiff was notified by the defendant in August, 1919, that additional income and excess profits taxes for the year 1917 had been assessed against it in the sum of $16,969.45, which amount had been arrived at upon the basis of a fictitious capital constructed under section 210 of the said act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜k) and an application of the rates prescribed by section 201 of the act for corporations employing capital."

taxing statute and with the principle that the right to impose taxation must have clear statutory warrant and that doubtful constructions must be resolved in favor of the taxpayer.

The judgment below is affirmed.