## RAILROAD STEVEDORING CORPORATION v. BOWERS, Collector.

(District Court, S. D. New York. October 12, 1925.)

Internal revenue ⬤═9—Corporation held subject to excess profits tax as "corporation having no invested capital and no more than a nominal capital"; invested capital."

Corporation having a capital of $3,000, engaged in business of stevedoring, under contract for a railroad company, and which used none of its capital in performance of its contract, and whose appliances and office room and wages paid were furnished by railroad company, and which received no interest on its surplus and undivided profits, held subject only to excess profits tax under Revenue Act Oct. 3, 1917, § 209 (Comp. St. 1918, § 6336⅝j), as a "corporation having no invested capital and no more than a nominal capital," and not under section 210, on theory that invested capital could not be ascertained, in view of section 207a(3), being Comp. St. 1918, § 6336⅝h, defining invested capital as surplus and undivided profits used in the business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital; Corporation.]

At Law. Action by the Railroad Stevedoring Corporation against Frank S. Bowers, Collector. Judgment for plaintiff.

Gilbert & Gilbert, of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., and S. E. Hall, Asst. U. S. Atty., both of New York City, for defendant.

Before Hon. JACOB TRIEBER, U. S. Dist. Judge, Eastern District of Arkansas, sitting by assignment.

TRIEBER, District Judge (sitting by assignment). The action is to recover the sum of $9,359.42, paid on an additional excess profits tax assessment made by the Commis-

sioner of Internal Revenue for the year 1917, which was paid under protest by the plaintiff, and $1 interest on the aforesaid additional tax. In the original return, the plaintiff claimed to be subject only to the tax at the rate of 8 per cent. of its net income, pursuant to section 209 of the Revenue Act of October 3, 1917, 40 Stat. 306 (Comp. St. 1918, § 6336⅜j). This section reads as follows:

"That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no deduction."

The Commissioner of Internal Revenue imposed the additional tax in controversy in this action, under section 210 of the Revenue Act (Comp. St. 1918, § 6336⅜k), on the theory that the invested capital of this company could not be ascertained, and it ought to pay the same percentage of its net income as other corporations were paying on similar income. Section 210 of the Act of 1917 reads as follows:

"Sec. 210. That if the Secretary of the Treasury is unable in any case satisfactorily to determine the invested capital, the amount of the deduction shall be the sum of (1) an amount equal to the same proportion of the net income of the trade or business received during the taxable year as the proportion which the average deduction (determined in the same manner as provided in section two hundred and three, without including the $3,000 or $6,000 therein referred to) for the same calendar year of representative corporations, partnerships, and individuals, engaged in a like or similar trade or business, bears to the total net income of the trade or business received by such corporations, partnerships, and individuals, plus (2) in the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000.

"For the purpose of this section the proportion between the deduction and the net income in each trade or business shall be determined by the Commissioner of Internal Revenue in accordance with regulations prescribed by him, with the approval of the Secretary of the Treasury. In the case of a corporation or partnership which has fixed its own fiscal year, the proportion to be determined for the calendar year ending during such fiscal year shall be used."

It is unnecessary to set out the regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, as Congress, in section 207 of the Act (Comp. St. 1918, § 6336⅜h), has defined "invested capital" when employed in the act:

"(a) In the case of a corporation or partnership: (1) Actual cash paid in, (2) the actual cash value of tangible property paid in other than cash, for stock or shares in such corporation or partnership, at the time of such payment (but in case such tangible property was paid in prior to January first, nineteen hundred and fourteen, the actual cash value of such property as of January first, nineteen hundred and fourteen, but in no case to exceed the par value of the original stock or shares specifically issued therefor), and (3) paid in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable years. * * * *"

The ground upon which plaintiff seeks to recover is that the plaintiff's capital was merely a nominal one of $3,000, and practically none of which was used in the business, except office books, bookkeeper, and incidental expenses of conducting the business.

The evidence is undisputed, as none was offered by the defendant. It establishes the following facts: The plaintiff was a corporation. Although it had the number of stockholders required by the laws of the state of New York, all the stock, except qualifying shares for the other directors, was in fact held by one man, Mr. James, who was also connected with other corporations. The capital stock was $3,000, all paid up. The object of the corporation was to render stevedoring services. That it had a surplus and undivided profits accumulated from profits of previous years amounting to $37,-757.08. None of this surplus was used in connection with the business of the plaintiff corporation, but was largely represented by withdrawals by Mr. James. No profits were made from that money by the plaintiff, Mr. James paying no interest for the use of this money in his other corporations.

The only business transacted by the corporation was a contract with the Central

Railroad Company of New Jersey, dated the 18th day of December, 1914, that it would handle for the railroad company at its terminal in the city of Jersey City, N. J., its lightering tonnage; the plaintiff to have control over and employ certain employees of the railroad company, the railroad company paying part of their wages, the railroad company to furnish all the cranes and trucks necessary, the stevedoring company to make all repairs and keep them in good condition. The plaintiff also assumed all liability and responsibility for losses of or damage from and to property caused by its employees, for any expense the railroad company incurs, caused by the error or negligence of plaintiff's employees, for all injuries to them while engaged in such work, and to indemnify and save the railroad company harmless of and from, or because of, any liability so assumed by the stevedoring corporation; also to indemnify and save the railroad company harmless from all losses by reason of injury or damage to all the property connected with or resulting from the work. None of the instrumentalities for the work was owned or furnished by the plaintiff.

The railroad company also agreed to furnish the corporation desk and office room at Jersey City. The payments for the work were to be made semimonthly, on the 5th and 20th of each month. The employees of the plaintiff were paid at a later date, and with the money that was received from the railroad company on its contract, none of their wages were paid out of plaintiff's capital.

In addition to this the plaintiff also did some stevedoring work, similar to that it did for the Central Railroad Company of New Jersey, for another railroad company. It did no other business except to load and unload merchandise on, to, and from cars and boats of these two railroads. The gross amount received for its work during the year 1917 was $354,479.95; its net profit was $43,908, on which it paid taxes.

The issue is whether, upon these facts, the plaintiff is to be classed as a business having no invested capital, and no more than a nominal capital under the provisions of section 209, or whether the surplus and undivided profits should be treated as a part of the invested capital, and therefore subject to the tax under the other provisions of the act of Congress.

Section 207 defines what shall be invested capital: "a (3), includes 'surplus and undivided profits used or employed in the business.'"

The evidence fails to show that any of this undivided surplus was used in the business. The plaintiff used none of its capital in the performance of the contracts. The appliances used and needed for the performance of the work under the contract with the railroad company, and the office room, were furnished by the railroad company. The wages paid to its employees were paid out of the money received from the railroad company. It received no interest on the surplus and undivided profits. Mr. James, who was the practical owner of the corporation, used the money in the business of his other corporations, without paying to the plaintiff any compensation, either interest or otherwise, for its use. The $3,000 paid-up capital was in fact only a nominal capital, and likely was drawn on for some small incidental expenses which would naturally arise in the conduct of any business.

In my opinion, Iredell, Collector, v. De Laski & Thropp Circular Woven Tire Co., 290 F. 955 (C. C. A., 3d), is applicable to the facts in this case, and the proper construction of sections 207 and 209 of the Act of 1917.

The plaintiff is entitled to a judgment for the amount claimed, with interest at the legal rate.