## GUS SUN BOOKING EXCHANGE CO. v. DEANE, Collector of Internal Revenue.

(District Court, S. D. Ohio, W. D.)

No. 187.

**I. Statutes ⟨⟩245—Right to impose taxes must be clear, doubtful constructions being resolved in favor of tax payer.**

Right to impose taxes must have clear statutory warrant, and doubtful constructions must be resolved in favor of tax payer.

**2. Internal revenue ⟨⟩38—Court must decide right to recover profits tax, irrespective of motive of Secretary of the Treasury in imposing tax.**

Irrespective of theory or motive prompting Secretary of the Treasury to impose profits tax against corporation under Act Oct. 3, 1917, § 210 (Comp. St. 1918, § 6336⅜k), it is court's duty, in action to recover such taxes paid under protest, to decide question under proper construction of statute.

**3. Internal revenue ⟨⟩9—Issuance of stock held not conclusive that substantial value was received by corporation, as respects liability for profits tax.**

Though issuance of $50,000 in stock creates suspicion that substantial value is included in corporate assets, it is not conclusive as respects corporation's liability for profits tax, under Act Oct. 3, 1917, § 210 (Comp. St. 1918, § 6336⅜k), instead of under section 209 (Comp. St. 1918, § 6336⅜j), and may be overcome by proof that stock was not exchanged for something of value.

**4. Internal revenue ⬅⟶9—Definition of "invested capital," in statute providing for profits tax, is conclusive on administrative officials and courts.**

Definition of "invested capital" for purpose of profits tax, in Act Oct. 3, 1917, § 207 (Comp. St. 1918, § 6336⅜h), is binding on administrative officials and on courts.

**5. Internal revenue ⬅⟶9—Assessment of profits tax on basis of stock issued held not justified, where corporation's capital was merely nominal.**

Where actual capital invested in corporation was nominal, and its remuneration was solely from commissions, profits being forthwith distributed to stockholders and not held in business, Secretary of the Treasury was not justified in imposing profits tax under Act Oct. 3, 1917, § 210 (Comp. St. 1918, § 6336⅜k), on theory that invested capital was more than nominal, or was undeterminable, but corporation was entitled to have tax computed under section 209 (Comp. St. 1918, § 6336⅜j).

At Law. Action by the Gus Sun Booking Exchange Company against Charles M. Deane, Collector of Internal Revenue for the First District of Ohio. Judgment for plaintiff.

John M. Cole, of Springfield, Ohio, for plaintiff.

Haveth E. Mau, U. S. Dist. Atty., and Simon Ross, Asst. U. S. Dist. Atty., both of Cincinnati, Ohio, for defendant.

HOUGH, District Judge. This case was submitted to the court upon the issues made up by the petition of the plaintiff and answer of the defendant; a jury having been waived by consent of the parties in writing. The petition prays judgment against the defendant for profits taxes and interest thereon, claimed to have been wrongfully collected by the defendant, and paid by the plaintiff under protest.

Plaintiff's returns for the year 1917 were made under section 209 of the Act of Congress of October 3, 1917 (Comp. St. 1918, § 6336⅜j), and upon the theory that the plaintiff company had invested only nominal capital. The Secretary of the Treasury declined to accept the return so made, and charged to plaintiff a profit tax under section 210 of the same act (Comp. St. 1918, § 6336⅜k), presumptively upon the theory that upon the facts before him he was unable to satisfactorily determine the amount of invested capital of the plaintiff company.

This represents the entire issue between the parties, except for the admitted error in plaintiff's return for that year, with correction made therefor in the averments in the petition. The case was submitted to the court upon stipulations of fact, exhibits, and the oral testimony of the president of the plaintiff company. This opinion may serve as a decision of the controversy, with findings of fact and conclusions of law separately stated, and there may be incorporated herein the stipulations of fact as pro tanto findings of fact. Further facts are found as follows:

The corporation, when organized, in the year 1909, upon an authorized capital stock of $1,500, of which $1,000 was issued, took over from Gus Sun furniture and fixtures of inconsiderable value, not to exceed $500. That some years later the authorized capital stock was increased to $50,000, all common stock. That the company was engaged in the booking exchange business, in which it sought to represent various vaudeville theaters in furnishing them vaudeville entertainers, actors, and acts. The remuneration from the business was solely from commissions obtained by reason of such representation. Upon the increased stock authorization, a considerable block of the stock was issued to Mr. Sun, and another considerable block issued to the United Booking Offices, a Keith corporation. This latter block was issued pursuant to the terms of written contracts, known herein as Plaintiff's Exhibits A and C. Substantially all the remainder of the authorized stock was issued and distributed to various patrons and customers of the plaintiff company.

Dividends were paid upon the stock for the year 1917, based upon the profits derived from the operation of the business. United Booking Offices received its due proportion of the dividends upon the stock held by it for that year, and in addition, pursuant to the terms of the contract, an amount up to 50 per cent. of the total and entire profits realized during such year.

The company kept no books, except a journal and a debit and credit ledger. No actual cash was paid into the business, except the receipts from its operation; no actual cash paid for the stock issued as heretofore stated; no actual cash value of tangible property, except an inconsequential amount for office fixtures and supplies; and no paid-in or earned surplus and undivided profits used or employed in the business. The profits were divided and paid in the form of dividends and under the contract with United Booking Offices annually and in the year 1917. No surplus or reserve was built up or carried on the books of the company,

nor were any undivided profits held in the treasury of the company.

The ownership of the stock of the United Booking Offices is dependent solely upon the written contracts, Plaintiff's Exhibits A and C. When the operation of those contracts is terminated, the stock goes back to the plaintiff company. It must be regarded as a deposit or a pledge for the due performance of the contract, or for some other purpose.

Conclusions of law:

[1] The right to impose taxes must have clear statutory warrant, and doubtful constructions must be resolved in favor of the taxpayer. Empire Fuel Co. v. Hays, Collector (D. C.) 295 F. 704; Iredell, Collector v. De Laski & Thropp Co. (C. C. A.) 290 F. 955.

[2] Irrespective of the theory or the motive which prompted the Secretary of the Treasury to deal with this corporation by the application of his authority and discretion under section 210 of the Act of Congress of October 3, 1917, it is the duty of the court, in the trial of the issue, to deal with plaintiff's situation under the facts adduced under the construction of the statutes as they exist.

[3] The authorization to issue and the issuance of substantially $50,000 in stock raises a presumption, or at least casts a suspicion, that substantial value in the form of capital is included within the corporate assets. This presumption, if it reaches the dignity of a presumption, may, however, be overthrown by proof that the outstanding stock was not exchanged for something of actual, potential, or substantial value. The fact that capital stock is outstanding certainly is not conclusive of the fact that its equivalent, or any equivalent of substantial value, had been paid in to the treasury or acquired by the corporation. It has been held that, where no capital is invested in a business, or only a nominal capital, the Commissioner of Internal Revenue is without authority, because the company's earnings may be large, to construct a theoretical capital upon which to subject it to excess profits tax under the Act of October 3, 1917. Iredell, Collector, v. De Laski & Thropp Co. (C. C. A.) 290 F. 955.

[4] The act itself provides that invested capital does not include stocks, bonds, or other assets, the income from which is not subject to the tax imposed by this title, nor money or other property borrowed, and means, subject to the above limitation in case of a corporation: (1) Actual cash paid in; (2) the actual cash value of tangible property paid in other than cash for stock in such corporation at the time of such payment; and (3) paid-in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable year.

None of these requirements under the proof adduced, are present or existent with respect to the plaintiff corporation. This provision appears in section 207 (Comp. St. 1918, § 6336⅜h), and its requirements must be taken into consideration by the Secretary in the exercise of the discretionary judgment given him under section 210. And inasmuch as Congress has defined the term "invested capital" for the purposes of taxation under this act, that definition is binding, not only upon the administrative officials designated to enforce the act, but also upon the courts as well. The Circuit Court of Appeals of this District has so held. Cartier and Others v. Doyle, Collector (C. C. A.) 277 F. 150.

[5] The stock issued in exchange for nominal value or less may well develop frequently to substantial value. The stock of this corporation evidently did develop in value, for the reason that it paid dividends. This was because of the remunerative nature of the business and its success. It earned profits, which profits were forthwith in turn distributed to the stockholders, and not held as undivided profits, or surplus, or reserve. The profits then did not become any part of the capital, nor any part of an investment in the corporate business, and therefore did not justify the legal deduction or the discretionary conclusion, based upon such fact, that taxes were assessable upon the basis of an invested capital, determinable or undeterminable.

"In determining the deduction to be permitted under the assessment of excess profits tax, the term 'invested capital' cannot be applied to any appreciation in values which is not in substance and effect a new acquisition of capital property, being based on actual costs, and not embracing appreciations in value due to the unearned increment." Lincoln Chemical Co. v. Edwards, Collector (C. C. A.) 289 F. 458.

The plaintiff corporation is entitled under the facts to a tax adjustment. The Secretary of the Treasury was not justified in imposing the taxes for 1917 on the theory either that the invested capital was more than nominal, or that the invested capital was undeterminable. The plaintiff is entitled to tax

calculations and charges under favor of section 209. Plaintiff is therefore entitled to recover under the prayer of its petition and for the amount therein claimed.

Judgment accordingly, carrying costs. Entry may be presented in accordance herewith.