THE BRADFORD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8384. Promulgated November 19, 1928.

*George H. Engelhard, Esq.,* for the petitioner.
*L. L. Hight, Esq.,* for the respondent.

OPINION.

MARQUETTE: This proceeding raises two questions for our determination, namely: (1) Is collection of the additional tax asserted by the respondent for the year 1917 barred by the statute of limitations, and (2) is the petitioner entitled to have its excess-profits tax computed under section 209 of the Revenue Act of 1917? The questions will be discussed in the order in which they are stated.

The record discloses that the petitioner's income and profits-tax return for 1917 was filed on June 14, 1918. The statutory period of five years from the date the return was filed provided by the Revenue Acts of 1918 and 1921 for assessment and collection of any tax due on the return, therefore, expired on June 14, 1923, and assessment and collection of such tax became barred on that date unless extended by the waivers or consents executed by the petitioner and the respondent. It is not necessary to discuss at length the validity of the first and second waivers further than to state that the first expired April 1, 1924 (Proclamation of Commissioner, Mim. 3085, C. B. II-1, p. 174), and that the second expired not later than April 1, 1925. There was, however, a third waiver filed on October 30, 1925, after the statutory period of assessment and collection as extended by the first and second waivers had expired, but prior to the enactment of the Revenue Act of 1926. The situation thus presented comes squarely within the scope of our decision in *Joy Floral Co.*, 7 B. T. A. 800, and *Carnation Milk Products Co.*, 9 B. T. A. 95, wherein we held that the expiration of the statutory time within which taxes may be determined, assessed and collected bars the remedy, but in the absence of statutory provisions to the contrary does not bar the liability, and that where prior to the enactment of the Revenue Act of 1926 a taxpayer and the Commissioner entered into a consent in writing extending the time within which taxes for a prior year might be determined, assessed and collected, such consent is valid, notwithstanding the fact that at the time it was executed the statutory period for assessment and collection had expired. We are therefore of opinion, and so hold, that the written consent executed by the petitioner and the respondent on October 30, 1925, is valid and that collection of the additional tax herein is not barred.

It is the contention of the petitioner that even if the time within which assessment and collection of any tax that might be found due on its return for 1917 has not expired, it is entitled to have its excess-profits tax for that year computed under section 209 of the Revenue Act of 1917, and that if it is so computed there is no deficiency. Section 209 of the Revenue Act of 1917 provides:

SEC. 209. That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this Act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States, $6,000; in the case of all other trades or business, no deduction.

The evidence herein shows that the petitioner's statutory invested capital for the year 1917 was only $1,000, which, it is clear, was only nominal in amount. The profits accumulated with the taxable year

formed no part of its invested capital, but on the contrary they were expressly excluded therefrom by section 207 (a) of the Revenue Act of 1917. Furthermore, they were not employed or used in the petitioner's business but were accumulated and laid aside for future distribution. The petitioner's business, stripped of its form and reduced to substance, was essentially brokerage. Its officers knew of commodities and the prices at which they could be bought and sold, and they brought together seller and purchaser and the petitioner profited therefrom, but the business did not require or use capital. The result of the five transactions in which the petitioner engaged in the year 1917 may be summarized as follows: (a) No money or other property belonging to the petitioner was employed in the transactions, and all the petitioner furnished was the services of its officers; (b) the steel and ships involved in the transactions never came into the possession of the petitioner, but passed directly from the owner to the real purchaser; (c) no part of the money involved in the transactions, except the profit resulting to the petitioner, ever came into the possession of the petitioner, but passed directly from the customer's bank to the real seller.

This case is not materially different from *J. J. O'Connor & Co.*, 1 B. T. A. 1021, wherein we held that the taxpayer was entitled to the benefits of section 209 of the Revenue Act of 1917. See, also, *Cartier* v. *Doyle*, 277 Fed. 150; *De Laski & Thropp Circular Woven Tire Co.* v. *Iredell*, 268 Fed. 377; affd. 290 Fed. 955; *Empire Fuel Co.* v. *Hays*, 295 Fed. 704; and *Railroad Stevedoring Corporation* v. *Bowers*, 7 Fed. (2d) 781. We are of opinion that during the year 1917 the petitioner was a corporation having not more than a nominal capital within the meaning of section 209 of the Revenue Act of 1917, and that it is entitled to have its excess-profits tax for 1917 computed under that section.

*Judgment will be entered under Rule 50.*