**JOHNSON et al. v. UNITED STATES.**

Court of Claims.   January 13, 1930.

No. H–213.

Smith & Moore, of Washington, D. C. (Edgar M. Johnson, of Cincinnati, Ohio, on the brief), for plaintiffs.

Lisle A. Smith, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, GREEN, and GRAHAM, Judges.

WILLIAMS, Judge. The plaintiffs, executors of the estate of David I. Johnson, deceased, sue to recover the sum of $8,621.64, paid to the Commissioner of Internal Revenue, February 29, 1924, in settlement of the alleged additional tax liability of David I. Johnson for the calendar year of 1917.

The amount of the net taxable income of the deceased David I. Johnson for the year

1917 is not in dispute. In 1921 it was computed by an agent of the Internal Revenue Bureau to be $122,237.55, of which $84,724.04 constituted "income from business." Plaintiffs concede these computations are correct.

Plaintiffs claim that the excess profits tax of said David I. Johnson for the year 1917 should be computed under section 209, of the Revenue Act of 1917 (40 Stat. 307) which imposes a flat rate of 8 per cent. upon a trade or business, "having no invested capital or not more than a nominal capital."

The section referred to reads as follows: "In the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this Act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no deduction."

Invested capital within the meaning of the Revenue Act of 1917 is defined in section 207 of the act (40 Stat. 306) and reads: "As used in this title 'invested capital' does not include stocks, bonds (other than obligations of the United States), or other assets, the income from which is not subject to the tax imposed by this title, nor money or other property borrowed, and means, subject to the above limitations: * * * (b) In the case of an individual, (1) actual cash paid into the trade or business, and (2) the actual cash value of tangible property paid into the trade or business, other than cash. * * *" Under this definition the $26,250.94 borrowed by Johnson and used in his business cannot be considered as invested capital.

In the case of the Empire Fuel Co. v. Hays (D. C.) 295 F. 704, 708, these facts were considered: The Empire Fuel Company purchased from the West Virginia Gas Coal Company certain property and engaged in the business of mining and selling coal. The purchase price was $125,000, payment therefor being made with $41,000 in cash, which the buying company had borrowed; the remainder of the purchase price, $84,000, being paid by the promissory notes of the Empire Fuel Company. In passing upon the question as to whether the purchase price should be considered as invested capital, the court said:

"The statute excludes borrowed money from computation as invested capital, and therefore a corporation whose capital is all borrowed has no invested capital and must be taxed under section 209.

"These are clear-cut, definite, and decisive words of the statute, and are subject to no doubt or ambiguity. Therefore it must follow that the Empire Fuel Company, if all of its money was borrowed, must be taxed under section 209. * * * To ask a court to withhold the operation of section 209, taken in connection with the excluding limitation of section 207, would be to ask the court not to interpret the statute, but to change the policy of the statute and to override it."

In this case the court made no distinction between money borrowed and invested in business, and a business, or assets of a business, procured by the promissory note of the purchaser. The Treasury Department concurred in this decision. See S. M. 2012, C. B. 111, 112, page 334.

In Cartier & Holland Lumber Co. v. Doyle, 269 F. 647, the Court of Appeals for the Sixth Circuit held that taxpayer was entitled to the benefits of section 209 of the Revenue Act of 1917 where it operated on borrowed capital. See, also, the opinion of the court in the same case reported in (C. C. A.) 287 F. 1021.

In De Laski & Thropp Circular Woven Tire Co. v. Iredell (D. C.) 268 F. 377, affirmed (C. C. A.) 290 F. 955, the court held that property which could not be included in invested capital should not be considered in determining whether the taxpayer was entitled to the benefits of section 209. See, also, Porter & Sons v. Lederer (D. C.) 267 F. 739.

In S. M. 1943, Cumulative Bulletin 111, 112, p. 8, the Solicitor of Internal Revenue held that, "where the capital of a trade or business is exclusively borrowed money, or where the capital employed is nominal in amount, the taxpayer is entitled to have its tax computed under section 209."

Under the rule laid down in these cases, the $163,640.37, the purchase price of the whisky bought by Johnson from Westheimer, for which he gave his notes, must be excluded in computing the invested capital in Johnson's business. Eliminating these items, the only invested capital used by him in his business for the year 1917, was the $28,000 cash which he paid into his business in March.

Since Johnson did use in his business during the year 1917 the invested capital stated, to be entitled to the benefit of section 209 it must be on the theory that such invested capital was not more than a nominal capital.

Article 72 of the Treasury Regulations, No. 41, provides that capital shall be held to be nominal—"if the employment of such capital is necessitated by delay and irregularity in the receipts of fees, etc., or if such capital is wholly or mainly used as a fund from which to advance salaries, wages, etc., or to provide office furniture, accommodations, and equipment. * * * "

Judge Dickinson, of the Eastern District of Pennsylvania, in Park Amusement Co. v. McCaughn (D. C.) 14 F.(2d) 553, 556, said: "The real criterion [that is, as to whether capital is merely nominal] is in the fact finding of whether money as an income producer played any real and substantial part in producing the income to be taxed. * * * "

Judge Hickenlooper, of the Southern District of Ohio, in Hubbard-Ragsdale Co. v. Dean, Collector (D. C.) 15 F.(2d) 410, 411, in speaking of the definition of nominal capital given by the cases, said: "Under the law [referring to section 209] the invested capital was considered as merely nominal, if it was used solely as a fund from which to advance salaries, wages, etc., and to provide office furniture, accommodations, and equipment. Under such circumstances it played no integral part in the actual production of income. It was incidental to the earning power of the corporation, which functioned independently of it."

In the case of McManus-Heryer Brokerage Co. v. Crooks, Collector of Internal Revenue (D. C.) 28 F.(2d) 906, 907, the court found "that the invested capital used in the business of the company during the year 1917 was not more than $34,572.73," and said: "The company then did use in its business during the year 1917 capital of the amount stated. It cannot, therefore, be entitled to the benefit of section 209 as a trade or business having no invested capital. If it is to have the benefit of that section, it must be on the theory that it did not have and use in its business more than a nominal capital." The court concluded "that the plaintiff had only a nominal capital invested in its business and was entitled to be taxed under section 209."

In the case last cited the court found that the plaintiff had $88,000 borrowed money. It said, however: "That the $88,000 of borrowed money should not be included [in invested capital] is clear from the express provision of section 207 defining the term 'invested capital,' which is that that term shall not include 'money or other property borrowed.' "

It would seem from the decisions cited that nominal capital as used in section 209 of the Revenue Act of 1917 means capital which is not employed primarily as a means of producing the income to be taxed and is not a material factor in the production of such income.

Applying this test to the facts in the instant case, we are of the opinion that the $28,000 invested capital in the business of David I. Johnson for the year 1917 must be considered as nominal. Its use was incidental to the business, and bore no material part in the production of the income sought to be taxed.

The receipts of sales of whisky purchased by Johnson from others than Westheimer were less than the price paid for such whisky. His entire profits for the year were derived from the sales of whisky purchased by him from Morris F. Westheimer, for which he gave notes.

The business in which Johnson was engaged, the purchase and sale of whisky, was one ordinarily and customarily requiring the use of capital for its operation, and, while capital in a large amount was in fact used by him, it was not invested capital within the meaning of section 207 of the Revenue Act of 1917.

His invested capital was not a factor in producing the income sought to be taxed, was used only for incidental purposes in the operation of the business, and under the rule announced in the decisions of the courts above cited was "not more than a nominal capital."

Section 209 of the Revenue Act of 1917, as before stated, provides that, in the case of a trade or business having no invested capital (and, of course, that can only mean invested capital within the meaning of section 207 of the act), or not more than a nominal capital, there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the taxes imposed by section 201, a tax equivalent to 8 per cent. of the net income.

In the opinion of the court the facts presented in the record bring this case within the provisions of section 209.

The plaintiffs are entitled to the relief asked for in the petition. Judgment should be awarded in favor of the plaintiffs. It is so ordered.

BOOTH, Chief Justice, and LITTLETON, GREEN, and GRAHAM, Judges, concur.