JOHN E. GREENAWALT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50793. Promulgated March 15, 1933.

*Kenneth W. Greenawalt, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner contends that he is entitled in the computation of his tax liability for 1928 to the maximum earned income credit of $30,000, as provided in section 31 of the Revenue Act of 1928. This section of the act reads in part as follows:

SEC. 31. EARNED INCOME CREDIT.

(a) *Definitions.*—For the purposes of this section—

(1) "Earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

\*  \*  \*  \*  \*  \*  \*

(3) \* \* \* In no case shall the earned net income be considered to be more than $30,000.

The respondent has determined that the petitioner was engaged in a business in which both personal services and capital were material income-producing factors and that the petitioner's earned income credit is therefore limited to 20 per cent of his net profits for that year. Our question is whether the income which the petitioner received in 1928 in the form of royalties from his contracts with licensees (he had no other income in that year) was in the nature of compensation for personal services actually rendered or whether it was, to any material extent, a gain from capital. The petitioner in his brief relies upon *De Laski & Thropp Circular Woven Tire Co.* v. *Iredell*, 268 Fed. 377; affd., 290 Fed. 955. It was held in that case that a corporation whose sole business was the granting of licenses under its patents and collecting the income therefrom was taxable under section 209 of the Revenue Act of 1917 as a "corporation having only a nominal capital." In its opinion, the District Court said:

Taking this last definition, which embodies the thought of all the others, it seems clear that patents do not fall within the term "capital"; and it also seems to be clear that this is what was in mind when Congress made the

distinction between "invested capital," which is defined under section 207 to include the actual cash value of patents paid for in stock or shares, and also such other intangible property, which had been paid for in money or stock, and also what was in mind when the word "capital" is used alone in section 209, preceded by the word "nominal"; that is, in the sense of something in name only employed in or available for production. * * *

From this point, the petitioner argues, in effect, that since patents are not capital and since his income was all attributable to the use of his patents and his personal services combined, the entire amount of the income constitutes compensation for personal services or " earned income."

We can not agree with this contention. It is the clear intent of the statute that the term " earned income " shall include only the compensation for services actually performed such as " wages," " salaries," and " professional fees." These terms are too well understood to require any exposition by way of legal interpretation. " Wages " commonly denotes the price paid for labor by the day or week, or other short intervals; " salary," a fixed compensation for labor or services for a longer period, such as a month or year; and " professional fees," the fixed compensation for specific services performed by a doctor or other professional person. In all cases these forms of compensation are impliedly based on the value of the services actually performed. It seems to us that royalties received from several licensees under contracts for the use of patents and computed upon the basis of the quantity rather than the value of personal services performed bear but little resemblance to either wages, salaries, or professional fees.

In construing this section of the statute, we are not so much concerned with the technical definition of " capital " or "invested capital " as these terms are used elsewhere in the revenue acts. Granting, as held in the *De Laski & Thropp* case, that for some purposes patents may not be considered " capital," still the courts all recognize that patents do embody property rights of great potential value capable of producing unlimited income, and that they sometimes represent a substantial capital investment in the hands of their owner. There can be no doubt that in the instant case the patents were the principal source of the petitioner's income, notwithstanding that under the contracts with the licensees the petitioner was required to perform, and did perform, certain personal services. The only necessity for his services was to see that his patented devices functioned to the best advantage. Such part of the royalties as is attributable to their use is clearly not " compensation for personal services actually performed " by the petitioner.

The record indicates, too, that the contracts under which the licensees agreed to use the patents may have had considerable

capital value in the hands of the petitioner. Such contracts, being intangible property, are subject to limitation in their inclusion in statutory invested capital but nevertheless may constitute the chief income-producing asset in the hands of their owner. See *Dwight & Lloyd Sintering Co.*, 1 B. T. A. 179; *J. M. and M. S. Browning Co.*, 6 B. T. A. 914.

We are of the opinion that the respondent has allowed the petitioner the full benefits to which he is entitled under the law.

*Judgment will be entered for the respondent.*